IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

AURELIANO CASTILLO-SANCHEZ,

    Movant.

No. CR S-04-0194 FCD KJM P

<u>FINDINGS AND RECOMMENDATIONS</u>

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

I. <u>Background</u>

On May 20, 2004, an indictment was filed, charging movant with being a deported alien found in the United States in violation of 8 U.S.C. § 1326 (a). Docket No. 5.

On April 4, 2005, movant entered a plea of guilty memorialized in a written agreement, waived a presentence report and was sentenced to a term of thirty-seven months in prison. Docket Nos. 24, 25 (minutes, Plea Agreement, respectively).

/////

/////

/////

1

> In the plea agreement, movant admits that he was previously convicted of a felony drug trafficking offense for which the sentence imposed exceeded thirteen months within the meaning of U.S.S.G. § 2L1.2(b)(1)(A) and that a sixteen-level enhancement to the offense level is appropriate based upon this prior conviction.

Docket No. 25 (Plea Agreement ¶ 3). The agreement contained further stipulations regarding the sentence:

> The parties agree and stipulate that the following Sentencing Guideline calculations are applicable to the single-count indictment referenced in paragraph 1. Guideline § 2L1.2 applies.
>
> The base offense level is 8 and 16 points are added pursuant to U.S.S.G. § 2L1.2 (b) (1) (A) for the felony conviction referenced in paragraph 3. The total adjusted offense level is 24.
>
> A total of three (3) points are subtracted to give defendant credit for acceptance of responsibility as noted in paragraph 8. An additional four-level downward departure is subtracted based upon the authorized early disposition program noted in paragraph 8.
>
> Thus, the total offense level becomes 17. Defendant's Criminal History Category is IV. The sentencing range is 37-46 months.
>
> . . .The parties agree and stipulate to a sentence of thirty-seven (37) months.

Id. ¶¶ 9, 11.[1]  Finally,

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to freely, knowingly and voluntarily give up the right to appeal any aspect of his conviction or sentence. The defendant also gives up any right he may have to bring a post-conviction attack on any aspect of his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any aspect of his conviction or sentence.

Id. ¶ 5.

/////

/////

---

[1] The plea agreement does not contain a paragraph 10.

II. <u>The Instant Motion</u>

Movant raises four grounds in his motion: the guideline calculation under U.S.S.G. § 2L1.2 is invalid because he "did not admit nor did a jury find . . . that the prior conviction was of the specified type and ocurred [sic] in the required time frame in relation to my deportation;" the sentence is greater than that specified in the applicable guideline range; "petitioner [sic] seeks any relief" available to him under <u>United States v. Booker</u>, 543 U.S. 220 (2005); and counsel was ineffective in failing to file a motion for "time reduction" based on <u>Booker</u> and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

A criminal defendant may waive the right to appeal or file a collateral attack on a conviction and sentence, so long as the waiver itself is knowing and voluntary. <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994); <u>United States v. Anglin</u>, 215 F.3d 1064, 1066 (9th Cir. 2000); <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993). A claim of ineffective assistance of counsel during the plea bargaining process almost certainly is cognizable despite a waiver, while a claim of ineffective assistance of counsel during other aspects of the proceedings may survive as well. <u>Pruitt</u>, 32 F.3d at 433; <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1156 n.4 (9th Cir.), <u>cert. denied</u>, ___ U.S. ___, 126 S.Ct. 198 (2005); <u>but see</u> <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir.) (valid sentence appeal waiver precludes defendant from bringing § 2255 motion alleging ineffective assistance of counsel at sentencing), <u>cert. denied</u>, ___ U.S. ___, 126 S.Ct. 246 (2005). Because movant does not challenge the knowing and voluntary nature of the waiver of appeal and collateral attack, his first three claims for relief are not cognizable in this motion.

Although movant's ineffective assistance of counsel claim survives his waivers, it lacks merit.

/////
/////
/////

The federal law on claims of attorney ineffectiveness is clear:

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. A court must "indulge a strong presumption" that counsel's conduct falls within the range of competence. Strickland, 466 U.S. at 689, 690.

It is also movant's burden to establish prejudice: "A defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. This evaluation must be based on the totality of the evidence before the jury, recognizing the probability of a different outcome is less likely in a case "with overwhelming record support." Id. at 695, 696. A court may consider prejudice before determining whether counsel failed to act effectively. Id. at 697.

Booker was decided on January 12, 2005, well before movant was sentenced. In Booker, the Supreme Court overturned the mandatory nature of the Sentencing Guidelines:

> The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. . . . The courts of appeals review sentencing decisions for unreasonableness. These features of the remaining system, while not the system Congress enacted, nonetheless continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary.

Booker, 543 U.S. at 264-65. The district court is presumed to know and follow the applicable sentencing law and movant points to nothing to suggest the court was unaware of its discretion under Booker. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir. 1991). Movant

has not explained how the court could be faulted for imposing the sentence that movant had agreed was reasonable.  Moreover, movant admitted that he fell within U.S.S.G. § 2L1.2(b)(1)(A); under <u>Blakely</u>, this admission was an appropriate basis for movant's sentence. <u>Blakely</u>, 542 U.S. at 310 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Movant's June 20, 2005 motion to vacate, set aside, or correct his sentence based on 28 U.S.C. § 2255 be dismissed; and

2.  The clerk of the court be directed to close the companion civil case CIV-S-05-1218 FCD KJM.

These findings and recommendations are submitted to the United States District Judge assigned to this case based on the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, movant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 6, 2006.

UNITED STATES MAGISTRATE JUDGE

2
cast0194-256